## C., N. O. & T. P. Railroad Company v. Lay.

(Decided February 23, 1926.)

### Appeal from Pulaski Circuit Court.

1. Master and Servant—Master Must Furnish Reasonably Safe Instruments and Place to Work.—Master must furnish servant with reasonably safe instrumentalities wherewith, and places wherein, to do his work.
2. Master and Servant—Injury to Employee, when Scraper Struck Rock, Held Hazard of Employment.—Injury to employee, engaged in widening railroad roadbed by means of one-horse scrapers, when scraper struck rock, causing employee to be thrown, held hazard of employment, and not due to failure to furnish reasonably safe place to work.

WILLIAM WADDLE, EDWARD COLSTON and MAURICE I. GALVIN for appellant.

R. L. BROWN and WESLEY & SON for appellee.

Opinion of the Court by Commissioner Sandidge— Reversing.

Appellee, Orville Lay, was engaged as a member of a crew of men in working on appellant's railroad right of way. They were widening the roadbed by the addition of earth moved and added to it by means of one-horse slip scrapers. The place from which the earth was being moved was about 150 yards distant from that to which it was being moved. Mules were being used as the motive power for the scrapers, one mule being hitched to each scraper. Appellee was one of the loaders. He was stationed at the place from which the earth was being moved. It was first plowed with a large plow, following which the scrapers would be used. They are equipped with handles which are grasped by the loader and are loaded by being set at such an angle that when the mule moves forward the scraper is drawn into and fills itself with the earth. One of the scrapers being loaded by appellee on the occasion in question, after it had been drawn into the earth, struck a stone hidden under the earth. The mule pulling the scraper, as the pull became harder, had increased its speed to carry the increased load, and when the scraper struck the stone it tripped forward and appellee holding to the handles was thrown forward, fell on his shoulders and sustained injuries. He instituted this action to recover the damages he thereby sustained, upon the theory that appellant had failed to furnish him a safe place in which to work. Upon the trial hereof, over appellant's objection and exception, an issue predicated upon that theory was submitted to the jury, resulting in a verdict of $5,000.00 for appellee. Appellant prosecutes the appeal and vigorously insists that the trial court erred in submitting the case to the jury.

The general rule is that it is the duty of the master to furnish his servant with reasonably safe instrumentalities wherewith and places wherein to do his work. In applying the rule regard must always be had to the character of work being performed and to its ordinary hazards.

Here appellee was 33 years of age. We presume he is a man of ordinary strength and intelligence; at least nothing to the contrary appears from the evidence. He was engaged in a simple task requiring no particular skill or knowledge. The evidence discloses that the place

where he was working was exactly such as must necessarily be encountered by one engaged in the work in hand. For the kind of work he was doing the place had been prepared exactly as is always done by those ordinarily skilled in that character of work. The place from which the earth was being moved was first plowed. Then the scrapers were used to move the freshly plowed earth. The fact that the earth had stones in it is not attributable to appellant. It did not put them there. It would hardly be required to sieve the earth to remove them before having it moved by the scrapers. The work was being done near the line between Pulaski and McCreary counties on appellant's railroad. In that locality we feel safe in saying—though the record is silent—that it is not unusual to find stones mixed with the soil. Appellee necessarily was as familiar with that fact as appellant or any of its agents. Considering the character of work appellee was employed to perform, the record does not disclose anything which ordinary prudence would have required appellant to do or which it might have done to make the place where appellee was laboring any safer for him. He knew as well as anyone could have known that in loading the scrapers they were likely to encounter stones or roots or other obstructions in the earth. That was a hazard inherent in the work in which he was engaged and was not one that could be avoided by reasonable care upon the part of the master. Appellee's injury resulted not from appellant's negligence but from the ordinary hazards of the occupation undertaken by him, the risk of which he assumed upon accepting the employment. If in this state of case appellant could be made to respond in damages we wonder what a farmer, with "new ground" to cultivate and an old fashioned jumping colter plow with which to do so, would be required to do to make the former a safe place wherein and the latter a safe instrumentality wherewith his servant might work.

At the conclusion of the evidence heard herein, the trial court should have peremptorily instructed the jury to find for appellant, and for its failure to do so the judgment herein must be reversed.

Judgment reversed and cause remanded for further proceedings consistent herewith.